IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cynthia M. Ray,

    Plaintiff,

  v.                              Case No. 2:20-cv-127

Commissioner of
Social Security,

    Defendant.

<u>OPINION AND ORDER</u>

    Plaintiff Cynthia M. Ray brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance, and supplemental security income. In a decision dated November 23, 2018, the administrative law judge ("ALJ") found that plaintiff has severe impairments consisting right ear hearing loss, tinnitus, headaches, obesity and degenerative disc disease of the cervical spine. PAGEID 52. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work, except that she could only occasionally climb ramps and stairs, stoop, kneel, crouch, crawl and balance, could never climb ladders, ropes or scaffolds, and must work in an environment rated "quiet" or "moderate" with respect to noise levels. PAGEID 55. The ALJ concluded that plaintiff was capable of returning to her past relevant work as a medical records clerk, as generally performed. PAGEID 59. As an alternative finding, the ALJ also found that there are other occupations in the national economy that plaintiff could perform. PAGEID 60-61.

This matter is now before the court for consideration of plaintiff's February 10, 2021, objections to the January 27, 2021, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d

365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the recommendation of the magistrate judge that the decision of the Commissioner should be affirmed. In her statement of errors, plaintiff argued that the ALJ erred in weighing the opinion of Benjamin Radcliffe, M.D., who performed a consultative examination of plaintiff on May 10, 2016, in connection with her disability application. See Exhibit 7F, PAGEID 429-435. The magistrate judge concluded that the ALJ gave sufficient reasons for rejecting the RFC recommendation made by Dr. Radcliffe, and that the ALJ's findings are supported by substantial evidence. Doc. 15, pp. 22-23. The court agrees with the reasoning of the magistrate judge.

A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ is not required to incorporate every restriction proposed by a medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013). "Discretion is vested in the ALJ to weigh all the evidence." *Collins v. Comm'r of Soc.*

3

*Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009). "Where there are conflicting opinions from various medical sources, it is the ALJ's function to evaluate the medical evidence and determine Plaintiff's RFC." *Swett v. Comm'r of Soc. Sec.*, 886 F.Supp.2d 656, 660 (S.D.Ohio 2012)(citing *Webb*, 368 F.3d at 633).

In devising a claimant's RFC, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). However, an ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004). An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

ALJs have more discretion in considering non-treating source opinions. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th cir. 2013). Because Dr. Redcliffe was consulting physician, the ALJ was not obligated to give "good reasons" for the weight assigned to his opinion. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Even where the "good reasons" requirement applies, review of the ALJ's explanation for rejecting an expert opinion need not be confined to a single paragraph. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439-41 (6th Cir. 2010)(ALJ may accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record).

In his report, Dr. Radcliffe noted that plaintiff's chief complaints were headaches and hearing loss in her right ear.

4

Plaintiff also complained of osteoarthritis of the right shoulder and right knee. PAGEID 429. Dr. Radcliffe stated that plaintiff had difficulty with heel toe walking and some balance issues due to her right knee pain. PAGEID 430. He also observed that plaintiff had limitations in range of motion of her right shoulder and right knee and that she had diminished function of cranial nerve VIII on the right. PAGEID 430. He noted that plaintiff walked upright with a limp favoring her right lower extremity, and that she had a "bit of a wide stance and shuffles" but did not require an assist device. PAGEID 431. Dr. Radcliffe opined that plaintiff could do sedentary work physically but for her headaches and balance problems with her right ear, and that it would be difficult for her to do any sort of physical labor at this time. PAGEID 431.

    The ALJ gave little weight to Dr. Radcliffe's opinion, concluding that it was not supported by or consistent with the objective medical findings of record. PAGEID 58. The ALJ observed that although Dr. Radcliffe noted that plaintiff moved slowly, walked with a limp, and had a limited range of motion of the right knee and shoulder, there was no mention of these deficiencies in the records of her treating physicians; rather, most of her physical exams were entirely normal. The ALJ stated that Dr. Radcliffe found that plaintiff had full strength. The ALJ noted Dr. Radcliffe's findings that plaintiff had a limited range of motion of the right knee and shoulder, then observed that these limitations were not documented in any other records. The ALJ also observed that Dr. Radcliffe appears to have given undue weight to plaintiff's subjective hearing loss complaints, as her treating sources had not found any evidence of significant or untreatable hearing loss. PAGEID 58.

Although plaintiff conceded that the record contains no other mention of limping, she argued before the magistrate judge that other medical limitations, including a reference to carpal tunnel syndrome, would support physical limitations that could affect plaintiff's ability to walk. The magistrate judge rejected this argument, concluding that in light of plaintiff's concession, it was not inappropriate for the ALJ to give Dr. Radcliffe's opinion little weight based his observations of a limp which was not otherwise reported in the record. Doc. 15, pp. 19-20. Whether plaintiff might have other physical limitations which could produce a limp is speculative, as no limp was documented in the records in connection with any other type of physical complaint.

Plaintiff notes that Dr. Radcliffe never stated in his report that plaintiff had "full strength." The magistrate judge acknowledged that this was accurate, but observed that Dr. Radcliffe did complete a muscle testing form on which he found plaintiff to have "normal" (5/5) testing on all muscles except for a "good" (4/5) rating for her right shoulder. Doc. 15, pp. 20-21. The ALJ's decision indicates that she was aware of this evaluation form, as she noted Dr. Radcliffe's findings on that form of a limited range of motion in plaintiff's right shoulder and knee. PAGEID 58. It was not unreasonable for the ALJ to conclude from Dr. Radcliffe's evaluation form that he essentially found that plaintiff had full strength.

In any event, the ALJ explained elsewhere in her decision why Dr. Radcliffe's diagnosis of probable osteoarthritis of the shoulder and knee was unsupported by the record. The ALJ noted that there was "no evidence of consistent complaints regarding the claimant's right shoulder or right knee, nor is there any evidence

of treatment for the same." PAGEID 52. The ALJ also stated that "[t]he sole basis for the diagnosis of right shoulder and knee osteoarthritis is a single exam finding of limited range of motion." PAGEID 52 (citing Dr. Radcliffe's report). The ALJ concluded that these alleged shoulder and knee impairments "do not appear individually or in combination to significantly interfere with the claimant's ability to engage in basic work activities[.]" PAGEID 52.

Plaintiff also argued that the ALJ erred in faulting Dr. Radcliffe for relying on plaintiff's subjective complaints of hearing problems, contending that this statement erroneously implied that there was no evidence to support Dr. Radcliffe's assessment of hearing loss. However, as the magistrate judge noted, that was not the gist of the ALJ's decision. Doc. 15, p. 21. Rather, the ALJ noted, in reference to Dr. Radcliffe's opinion, that plaintiff's treating sources had not found "any evidence of *significant, untreatable hearing loss*." PAGEID 58 (emphasis supplied).

Elsewhere in her decision, the ALJ discussed the results of an audiological evaluation from July of 2015, which confirmed normal hearing sensitivity in the left ear and mild mixed hearing loss in the right ear. PAGEID 57. Plaintiff was advised to consider a hearing aid which could easily correct her hearing issues even in the presence of background noise. The ALJ observed that although Dr. Radcliffe had diagnosed plaintiff with hearing loss with vestibular disturbance of the right ear, an audiogram performed in August, 2017, showed word recognition scores of 100 percent in both ears and that plaintiff had moderate sensorineural hearing loss in the right ear with complaints of tinnitus. PAGEID 57. The ALJ

7

noted that plaintiff exhibited no hearing difficulties during a phone interview to complete her initial disability application, during a consultative psychological examination, or during the evidentiary hearing before the ALJ.  PAGEID 57.  The ALJ also considered a letter from Lisa Richmond, M.A., a clinical audiologist, who noted that plaintiff had mixed hearing loss in the right ear which would not cause any work-related functional limitations.  Ms. Richmond indicated that plaintiff was able to hear and understand conversation but might have some difficulty with speech clarity and background noise.  The ALJ gave this opinion partial weight and incorporated noise limitations in plaintiff's RFC to address any problems she might have due to significant ambient noise.  PAGEID 58.  The ALJ did not err in her consideration of Dr. Radcliffe's opinion concerning plaintiff's hearing loss.

The court concludes that the ALJ did not err in her consideration of Dr. Radcliffe's opinion, and that her decision to afford that opinion little weight is supported by substantial evidence.

### III. Conclusion

For the reasons stated above, the court overrules the plaintiff's objections (Doc. 16), and adopts and affirms the magistrate judge's report and recommendation (Doc. 15).  The decision of the Commissioner is affirmed, and the clerk is directed to enter final judgment in this case.

Date: March 22, 2021            _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge